**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Julio Vega**<br>**4014 Oakmont Street**<br>**Philadelphia, PA 19136**<br><br>**Plaintiff**<br><br>**v**<br><br>**Prospect International Airport Services**<br>**950 E. Paces Ferry Suite 2000**<br>**Atlanta, GA 30326**<br><br>**and**<br><br>**Unifi Aviation**<br>**950 E. Paces Ferry Suite 2000**<br>**Atlanta, GA 30326**<br><br>**Defendants** | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION NO.** |

**COMPLAINT**
**TITLE I – EMPLOYMENT**

COUNT I – PLAINTIFF v PROSPECT INTERNATIONAL AIRPORT SERVICES

1. This is an action brought pursuant to Title I of the Americans with Disabilities (ADA) 42 U.S.C. 12101 et seq as amended by the ADA Amendments Act of 2008 (ADAAA).
2. Plaintiff seeks back pay, front pay, compensatory damages, punitive damages and reasonable attorney fees and costs to redress the Defendants' unlawful practices, specifically the discriminatory termination of Plaintiff's termination of Plaintiff's employment under the pretext that Plaintiff's performance, after working more than a decade, had become inadequate after he was diagnosed with multiple sclerosis.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, as well as 28 U.S.C. §1343.
4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the unlawful employment practices alleged occurred within this judicial district and the Defendants conduct systemic business within this district.

ADMINISTRATIVE EXHAUSTION

5. Plaintiff has received Right to Sue letters from the Equal Employment Opportunity Commission which are attached as Exhibit A (Prospect International Airport Services) and Exhibit B (Unifi Aviation).
6. This Civil Complaint is filed within ninety (90) days of Plaintiff's receipt of the Right to Sue letter.

PARTIES

7. The Plaintiff is an adult individual residing at 4014 Oakmont Street, Philadelphia, PA 19136 and at all times material was an "employee" as defined by the ADA.
8. Defendant Prospect International Services is a business entity incorporated in Pennsylvania and at all times material conducted business at the Philadelphia International Airport.
9. On information and belief, Defendant Prospect International Services is headquartered in Atlanta, Georgia.
10. Defendant Unifi Aviation is a business corporation incorporated in the state of Georgia, and at all times material conducted business at the Philadelphia International Airport. Defendant Unifi Aviation is headquartered in Atlanta, Georgia.
11. Both Defendants conducted business at the Philadelphia International Airport and were engaged in affecting commerce with fifteen (15) or more employees as defined by the ADA.

12. On information and belief, in either 20224 or 2025, a business arrangement was made between the Defendants. Defendant Unifi Aviation would assume some or all of the business functions of Defendant Prospect International Airport Services.

FEDERAL ALLEGATION

13. Plaintiff commenced employment with Defendant in 2012 and was diagnosed with multiple sclerosis in 2017-2018.
14. After the Plaintiff was diagnosed with multiple sclerosis, he continued to work as a warehouse manager for the Defendant, using a cane and then a wheelchair.
15. On information and belief, Plaintiff is not certain if and when he became an employee of Unifi Aviation.
16. Plaintiff performed the essential duties of the warehouse manager position that he held for more than a decade.
17. Plaintiff performed the essential functions of the warehouse manager position in a satisfactory manner, had an unblemished disciplinary history, and met or exceeded the performance expectations of the Defendants.
18. Plaintiff suffers from multiple sclerosis (MS), a condition that affects the central nervous system.
19. Plaintiff's MS constitutes a physical impairment and a disability within the meaning of 42 U.S.C.§12102 because it substantially limits one or more of Plaintiff's major life activities and major bodily functions, including but not limited to neurological function, musculoskeletal functions, walking, standing, and concentrating.
20. Both Defendants had knowledge of Plaintiff's disability.
21. Plaintiff received a raise from Defendant in June 2025.
22. Plaintiff was placed on an improvement action plan on 04/09/2026, but in subsequent weeks he received no feedback or training from his employers.
23. The alleged performance complaints issued by the Defendants were directly or indirectly related to the physical challenges caused by the Defendants' goal of terminating Plaintiff and replacing him with a more ambulatory individual.

24. Non-disabled employees, under the supervision of the same managements, who displayed similar or lesser performance metrics, were not subjected to disciplinary action, performance improvement plans or termination.
25. The stated performance-based reasons for terminating Plaintiff's employment were completely pretextual, inconsistent with Plaintiff's historical performance, and served as a mere cover for intentional disability discrimination.
26. As a direct and proximate result of the Defendants' unlawful termination, Plaintiff has suffered significant economic loss, lost benefits, emotional distress, mental anguish, humiliation and loss of life's enjoyments.
27. At all times relevant, Plaintiff was a "qualified individual with a disability" who could perform the essential functions of the position.
28. The Defendants terminated Plaintiff's employment because of Plaintiff's MS, a record of such impairment, and/or because Defendants shifted their perceptions of Plaintiff's capabilities based on discriminatory stereotypes surrounding MS.
29. The Defendants reliance on manufactured performance complaints to justify the termination of Plaintiff violates 42 U.S.C. §12112 because they served as a pretext.
30. The Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights.

COUNT II PLAINTIFF v UNIFI AVIATION

31. Plaintiff incorporates by reference all of paragraphs 1 through 30 and the prayer for relief as if set forth in its entirety.

PRAYER FOR RELIEF

A. An award of back pay, front pay, lost benefits, plus pre-judgment interest from both defendants
B. An award of compensatory damages for emotional distress, humiliation and mental anguish from both Defendants
C. An award of punitive damages is warranted because of the Defendants' malicious and reckless conduct from both Defendants

D. An award of reasonable attorney fees, expert witness fees and litigation costs from both Defendants

E. Such other further relief as this Court deems just, proper and equitable from both Defendants

11/23/2026
Date

s/ Howard K. Trubman, Esq.
Howard K. Trubrnan, Esq.
PA State Bar No. 24696
Attorney for Plaintiff
1650 Market Street, Suite 3614
Philadelphia, PA 19103
215-206-5306

## CERTIFICATE OF SERVICE

I, Howard K. Trubman, Esq., Attorney for Plaintiff, do swear that the foregoing document was served by certified mail to:

Prospect International Airport Services
950 E. Paces Ferry Suite 2000
Atlanta, GA 30326

and

Unifi Aviation
950 E. Paces Ferry Suite 2000
Atlanta, GA 30326

11/23/2026
Date

s/ Howard K. Trubman, Esq.
Howard K. Trubman, Esq.

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St. Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/02/2026

**To:** Mr. Julio Vega
4014 Oakmont Street
Phila, PA 19136

Charge No: 530-2026-09562

EEOC Representative and Legal Unit telephone number:

(267) 589-9707

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-09562.

On behalf of the Commission,

Digitally Signed By: Karen McDonough 09/02/2026

Karen McDonough
Deputy District Director

**Cc:**
Incident Location
Prospect International Airport Services
2 International Plaza Suite 116
Phila, PA 19113

NA NA
950 East Paces Ferry Road, NE 20th floor
Atlanta, GA 30326

Howard Trubman Esq.
Personal Injury and Employment Law Center, LLC
1650 Market Street, Suite 3614
Phila, PA 19103

Please retain this Notice for your records.

# EXHIBIT B

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market St. Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/02/2026

**To:** Mr. Julio Vega
4014 Oakmont Street
Phila, PA 19136

Charge No: 530-2026-09563

EEOC Representative and phone: Legal Unit
267-589-9707

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-09563.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
09/02/2026

Karen McDonough
Deputy District Director

**Cc:**
NA NA
950 E. Paces Ferry Suite 2000
Atlanta, GA 30326

Charolotte Redo
Unifi Aviation
950 E. Paces Ferry Suite 2000
Atlanta, GA 30326

Howard Trubman Esq.
Personal Injury and Employment Law Center, LLC
1650 Market Street, Suite 3614
Phila, PA 19103

Please retain this Notice for your records.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Julio Vega

**DEFENDANTS**
Prospect International Airport Services and Unifi Aviation

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Howard K. Trubman, Esq. Personal Injury & Employ. Law Ctr., 1650 Market St, Ste.3614 2152063506

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101 et seq

Brief description of cause:
Discharge Violation of ADA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 650,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE
11/22/2026

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

A. ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: ADA

B. ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.